**[J-86-2018] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 56 MAP 2017 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court dated March 29, 2017 at No. |
| | : | 510 EDA 2016 Affirming Judgment of |
| v. | : | Sentence from the Lehigh County |
| | : | Court of Common Pleas, Criminal |
| | : | Division, dated January 11, 2016 at |
| MICHAEL J. HICKS, | : | No. CP-39-CR-0005692-2014. |
| | : | |
| Appellant | : | ARGUED:  December 4, 2018 |

**CONCURRING OPINION**

**JUSTICE BAER**                                                     **DECIDED:  May 31, 2019**

This Court granted allowance of appeal in this matter to address the narrow question of "[w]hether the Superior Court's bright line rule holding that possession of a concealed firearm in public is sufficient to create reasonable suspicion[.]" *Commonwealth v. Hicks*, 172 A.3d 583 (Pa. 2017).  I agree with the Majority that this bright line rule cannot withstand constitutional scrutiny; accordingly, I join Parts I., II.A., B., and C.(i.-v.) of the Majority Opinion.  Most importantly, I join the Majority's ultimate conclusion that "the Superior Court patently has erred in concluding that the possession of a concealed firearm by an individual in public is sufficient to create a reasonable suspicion that the individual may be dangerous, such that an officer can approach the individual and briefly detain him in order to investigate whether the person is properly licensed."  Majority Opinion at 45 (internal quotation marks omitted).

Having answered the sole question presented in this matter, unlike the Majority, I would not examine whether the trial court erred by denying Appellant's motion to suppress. Majority Opinion at 45 ("Notwithstanding the lower courts' application of an erroneous conclusion of law, there remains a question of whether [Appellant's] seizure nonetheless was supported by reasonable, articulable suspicion of criminal activity, such as would render the investigative detention lawful."). Rather, I would vacate the judgment of the Superior Court and remand the matter to that court with the instruction to reconsider the merits of Appellant's direct appeal in light of this Court's decision.